IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MEREDITH ANN BALLENGER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:97CV1165-W |
| | ) | (WO) |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

This action is presently before the court on plaintiff's application for attorney fees under the EAJA, filed on April 21, 2005 (Doc. # 37). The Commissioner argues that the application is due to be denied as untimely.

The present action was remanded to the Commissioner on March 19, 1999 pursuant to sentence six of 42 U.S.C. § 405(g). On June 27, 2000, the administrative law judge rendered an opinion partially favorable to the plaintiff. On May 14, 2004, plaintiff filed an application for fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1(A)(Doc. # 22). As the Commissioner had not yet filed the post-remand administrative record, the court had no basis upon which it could enter judgment, determine whether plaintiff was a "prevailing party," or evaluate the petition for fees. Accordingly, the court ordered the Commissioner to file the administrative record and denied plaintiff's EAJA petition as premature (Doc. # 23).

On December 17, 2004, the court entered judgment in this action affirming the decision of the Commissioner on remand (Doc. # 36). Plaintiff filed the present EAJA

petition on April 21, 2005 (Doc. # 37). The EAJA requires that a petition for fees be filed "within thirty days of final judgment in the action." 28 U.S.C. 2412(d)(1)(B). The thirty-day period begins to run when the court's judgment becomes final, which occurs when the judgment is no longer appealable. See Melkonyan v. Sullivan, 501 U.S. 89, 102 (1991)("In sentence six cases, the filing period does not begin until after the postremand proceedings are completed, the Secretary returns to court, the court enters a final judgment, and the appeal period runs.").

The judgment in this case became final on February 15, 2005, sixty days after it was entered. See Fed. R. App. P. 4(a)(1)(B). The EAJA filing period expired on March 17, 2005, thirty days later. The present petition (Doc. # 37) was not filed until April 21, 2005. Plaintiff contends that her EAJA petition is nevertheless timely because: (1) an EAJA fee application may be filed before final judgment; (2) she originally filed an application for EAJA fees on May 24, 2004; and (3) the petition filed on April 21, 2005 was "merely a supplement" to the earlier application.

Citing James v. U.S. Department of Housing and Urban Development, 783 F.2d 997 (11th Cir. 1986), plaintiff argues that "[t]he Eleventh Circuit has ruled that a premature application for EAJA fees is not subject to dismissal." (Plaintiff's Reply, Doc. # 41). Plaintiff's apparent contention is that this court erred by denying the previous application for fees and, therefore, that it should be treated as though it is still pending. However, plaintiff reads James too broadly. The district court in James denied an EAJA application as untimely because it was filed after judgment was entered by the district court but before the time for

2

appeal had run and, thus, before the judgment was "final." The Eleventh Circuit reversed on the basis of newly-enacted clarifying legislation, holding that the EAJA application was timely despite being filed prior to final judgment. The Eleventh Circuit stated:

> We interpret Congress' definition of "final judgment" to mean the date on which a party's case has met its final demise, that there is nothing further the party can do to give it life. Since the demise of a case after a district court's judgment depends on some action or inaction on the part of the losing party, the winning party cannot be penalized if it files its application for attorney's fees after entry by the district court of the final judgment but before the losing party elects between filing a Fed. R. Civ. P. 59 post-judgment motion, filing a notice of appeal, or foregoing any further litigation of the case. Thus, a winning party may file his application for fees after the district court judgment but not later than thirty days after the last day the judgment was subject to attack.

James, *supra*, 783 F.2d at 999. The Eleventh Circuit did not hold, as plaintiff suggests, that the district court may never deny a premature EAJA application. In Haitian Refugee Center v. Meese, 791 F.2d 1489 (11th Cir. 1986), another case cited by plaintiff, the Eleventh Circuit upheld the district court's award of interim fees under the EAJA pursuant to a petition filed before the district court had entered judgment.

The present case was remanded to the Commissioner in 1999. When plaintiff filed her initial EAJA application, over five years after the remand, there was nothing in the record upon which the court could base a conclusion that plaintiff was a "prevailing party" as required to support an award of fees under the EAJA or determine that the fees sought by counsel were reasonable. See Order denying petition for fees, Doc. # 23 ("Plaintiff is not entitled to an award of fees under the EAJA unless he is a 'prevailing party,' and the court cannot determine whether this is so, or evaluate the petition for fees, without the

[Commissioner's] post-remand filing required by [42 U.S.C. § 405(g)]."). Accordingly, this court denied the application *without prejudice* and ordered the Commissioner to file the administrative transcript and her decision on remand. In contrast, in both James and Haitian Refugee Center, the court record established – at the time the EAJA applications were filed – that the plaintiffs were prevailing parties. The Eleventh Circuit's decisions in those cases do not preclude a district court from denying an EAJA motion without prejudice and requiring plaintiff to re-file the motion when the record is sufficient to support a ruling on the motion.¹

Plaintiff's attempt to re-cast the present petition as a "supplement" to the earlier-filed petition is unavailing.² Plaintiff's first EAJA petition was denied without prejudice and was no longer pending before the court. Thus, when plaintiff's counsel failed to renew her EAJA petition before the statutory deadline expired, the government was entitled to conclude that this litigation had terminated without an award of fees. Plaintiff's petition, filed more than a month after the EAJA deadline, did not revive the previously denied application.³ The

---

¹ The court recognizes that, instead of denying the petition, it could have allowed the motion to remain pending until the record was sufficient to permit relief on the motion. However, the court chose not to do so.

² In Scarborough v. Principi, 541 U.S. 401 (2004), the Court held that a timely EAJA application may be amended after the filing period has run to cure an initial failure to allege that the government's position was not substantially justified.

³ The ruling sought by plaintiff would not advance the orderly conduct of litigation. When the court denies a motion without prejudice, the moving party may seek the same relief in a subsequent motion. The issues raised in the motion, however, are not again before the court unless and until the moving party files such a motion. The ruling sought by plaintiff – that an EAJA petition filed after the statutory deadline relates back to the time of filing of an earlier-denied petition – provides no definitive point in time at which the United States is free of its potential

present application was filed after the EAJA deadline and, thus, is untimely.

Plaintiff bears the burden of establishing a basis for equitable tolling of this statutory deadline. Williams v. Georgia Dept. of Defense National Guard Headquarters, 2005 WL 2090656, *1 (Aug. 31, 2005)(unpublished disposition); Carter v. West Publishing Co., 225 F.3d 1258, 1265 (11th Cir. 2000)(citing Ross v. Buckeye Cellulose Corp., 980 F.2d 648, 661 (11th Cir. 1993)). Plaintiff does not advance any argument that she is entitled to equitable tolling or offer any justification for her late filing. Instead, she argues that the doctrine is inapplicable in this case because her petition is timely. (Plaintiff's reply, Doc. # 41, p. 2). The mere fact that plaintiff filed an earlier EAJA application which was denied without prejudice does not provide a sufficient basis for application of the equitable tolling doctrine. See Williams, *supra* ("[W]e have declined to apply equitable tolling after a timely-filed complaint was dismissed without prejudice and a subsequent complaint was filed beyond the limitations period.")(citing Bost v. Fed. Express Corp., 372 F.3d 1233, 1242 (11th Cir. 2004)). Since plaintiff has offered no other basis for equitable tolling, her application for fees is due to be denied.

For the foregoing reasons, it is

ORDERED that plaintiff's application for attorney fees (Doc. # 37) is DENIED as

---

liability for fees, even though no motion is pending before the court. Such a rule would impermissibly enlarge the partial waiver of sovereign immunity established by the EAJA. See Singleton v. Apfel, 231 F.3d 853, 858 (11th Cir. 2000)("In reviewing any statute which, like the EAJA, represents a partial waiver of sovereign immunity, courts must refrain from extending the waiver beyond the limits set by Congress."); see also Justice v. United States, 6 F.3d 1474, 1478-79 (11th Cir. 1993)(stating general rule that filing of a lawsuit later dismissed without prejudice does not automatically toll the statute of limitations).

untimely.

      DONE, this 9th day of December, 2005.

                                 /s/ Susan Russ Walker
                                 SUSAN RUSS WALKER
                                 UNITED STATES MAGISTRATE JUDGE